MEMORANDUM **
Augusto Fernando Paez Torres, a native and citizen of Peru, petitions pro se for review of an order of the Board of Immigration Appeals affirming, without opinion, an immigration judge’s (“U”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997), we deny the petition for review.
Substantial evidence supports the IJ’s determination that Paez Torres did not establish past persecution or a well-founded fear of future persecution on account of his membership in a particular social group or his political opinion. Contrary to Paez Torres’s contention, the IJ was not required to draw an inference that the Shining Path guerrillas persecuted him at least in part on the basis of his political opinion or affiliation with an anti-communist political party solely on the basis of his extensive, visible involvement in that party. See id. (holding that a petitioner *773 can establish an inference of improper motive only if “the inference is one that is clearly to be drawn from the facts in evidence” and that petitioner must prove “more than violence plus disparity of views”). On this record, a reasonable fact-finder would not be compelled to conclude that the Shining Path’s interest in Paez Torres arises from anything other than his access, by virtue of his employment, to potentially incriminating videotapes. See id. at 1490-91 (concluding that petitioner failed to establish a nexus where he offered no evidence of political motive and where the record suggested that guerrillas were, rather, motivated by a desire to further their own goals); see also Ochoa v. Gonzales, 406 F.3d 1166, 1171-72 (9th Cir. 2005) (concluding that the record established only that narco-traffickers were motivated by the fact that petitioner owed them a large sum of money). Accordingly, Paez Torres failed to establish eligibility for asylum.
Because Paez Torres failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 960-61 (9th Cir.1996) (en banc).
In addition, Paez Torres’s CAT claim fails because substantial evidence supports the IJ’s determination that Paez Torres failed to establish that it is more likely than not that he would be tortured by the government, or with its acquiescence, upon return to Peru. See 8 C.F.R. § 208.16(c)(2); Zheng v. Ashcroft, 332 F.3d 1186, 1194-95 (9th Cir.2003).
Paez Torres’s remaining contentions are without merit.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.